# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-3427 |
| | § | |
| DANIEL MURRIE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jeffrey Williams, a/k/a Jefferey Williams,[1] filed this *pro se* section 1983 lawsuit against a clinical psychologist who prepared a written psychological evaluation of plaintiff. The threshold question is whether plaintiff may proceed with his claims. Having screened his claims as required by 28 U.S.C. § 1915(e)(2)(B), the Court DISMISSES this lawsuit for failure to state a viable claim for relief under section 1983.

### *Background and Claims*

In 2016, the State filed a petition seeking to have plaintiff civilly committed for treatment and supervision as a sexually violent predator based on two prior convictions for sexual assault. *See In re Commitment of Jefferey Williams*, No. 02-17-00133-CV, 2018 WL 771962, at *1 (Tex. App. – Fort Worth 2018). *See also* TEX. HEALTH & SAFETY CODE ANN. § 841.003 (West 2017). The trial court held a jury trial in accordance with plaintiff's jury

---

[1]The state court civil commitment proceedings were brought against "Jefferey Williams." Plaintiff refers to himself as "Jeffrey Williams" in this lawsuit.

demand under § 841.146(a). The jury answered "yes" to a single question: "Do you find beyond a reasonable doubt that JEFFEREY WILLIAMS is a sexually violent predator?" *See id.* § 841.062(a). The trial court accordingly ordered plaintiff committed to a supervised sex offender treatment program under section § 841.081, where he currently remains.

Plaintiff claims in this lawsuit that, in February of 2016, defendant Daniel Murrie, Ph.D., a licensed forensic psychologist, interviewed and evaluated him in prison as to his suitability for state civil commitment as a sexually violent predator. According to plaintiff, defendant Murrie's written report contained false statements about his prior sexual assault convictions, a medical history of head injuries, and mental retardation. For causes of action against defendant, plaintiff claims "negligence, dishonesty, false diagnoses and medical malpractice." (Docket Entry No. 1, p. 7.) Plaintiff contends that, because of defendant's actions, he has been deprived of his liberty. *Id*.

As judicial relief, plaintiff requests in his complaint, "To have this case heard in a jury trial!" *Id*., p. 5.

### *Analysis*

Section 1915(e)(2)(B) provide for *sua sponte* dismissal of a *pro se* complaint if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if the complaint seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*State Actor*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, in order to hold a defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005).

Under section 841.023 of the Texas Health & Safety Code,

> [T]he Texas Department of Criminal Justice shall assess whether the person suffers from a behavioral abnormality that makes the person likely to engage in a predatory act of sexual violence. To aid in the assessment, the department shall use an expert to examine the person. The department may contract for the expert services required by this subsection. The expert shall make a clinical assessment based on testing for psychopathy, a clinical interview, and other appropriate assessments and techniques to aid the department in its assessment.

*Id*.

Plaintiff states in his complaint that prison officials hired defendant Murrie to perform his civil commitment evaluation. (Docket Entry No.1, p. 5.) Private individuals generally are not considered to act under color of law; that is, they are not considered state actors. *Ballard*, 413 F.3d at 518. In *West v. Atkins*, 487 U.S. 42, 55 (1988), the Supreme Court determined that a physician under contract with the state to furnish medical services to state inmates was acting under color of state law when he treated inmates within the confines of the prison. The Supreme Court noted that the state was constitutionally required to provide medical care to inmates. In the instant case, however, defendant Murrie was not carrying out a constitutional obligation of the state when he evaluated plaintiff. The Texas Department of Criminal Justice had a state statutory duty, but no federal constitutional duty, to conduct psychological examinations of prisoners for purposes of the state sexually violent predator civil commitment statute. Thus, defendant Murrie was not a state actor in performing his psychological evaluation of plaintiff. *See Blunt v. Harris County*, 33 F. App'x 705 (5th Cir. 2002) (per curiam).

Plaintiff pleads no factual allegations supporting defendant Murrie as a state actor under the circumstances of this case, and no viable claim is raised. In absence of factual allegations plausibly showing that defendant Murrie was a state actor at the time he evaluated plaintiff, no viable claim for relief under section 1983 is raised.

*Negligence*

Even assuming defendant Murrie were a state actor, plaintiff presents no factual allegations giving rise to a federal constitutional violation. In stating his claims against defendant, plaintiff avers "negligence, dishonesty, false diagnoses and medical malpractice." (Docket Entry No. 1, p. 7.) These are claims arising under state law and are not viable constitutional claims for purposes of section 1983. *See*, *e.g.*, *Zaunbrecher v. Gaudin*, 641 F. App'x 340 (5th Cir. 2016) (holding that negligence, neglect, medical malpractice, and misdiagnosis do not give rise to a section 1983 cause of action).

In absence of factual allegations demonstrating a federal constitutional violation by defendant Murrie, no viable claim for relief under section 1983 is raised.

*Conclusion*

This case is DISMISSED WITH PREJUDICE for failure to state a viable claim for which relief can be granted under section 1983. Plaintiff's application to proceed *in forma pauperis* (Docket Entry No. 2) is GRANTED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on October 26, 2018.

Gray H. Miller
United States District Judge